IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE OHIO NATIONAL LIFE INSURANCE COMPANY, <br><br>     Plaintiff, <br><br> vs. <br><br> DEBRA L. ANDERSON, <br><br>     Defendant, Cross-Claimant, and Cross-Defendant <br><br> and <br><br> DOUGLAS ANDERSON, <br><br>     Defendant, Cross-Defendant, and Cross-Claimant | 8:20-CV-29 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Judgment on Its Interpleader. Filing 19. In compliance with Fed. R. Civ. P. 67 and NECivR 67.1, and pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 12(c), Plaintiff seeks leave to deposit interest on the already-deposited funds which are the subject of the present interpleader action into the registry of the Court. Filing 19. Plaintiff also seeks reasonable fees and costs associated with bringing this action. As discussed below, the Court grants Plaintiff's motion.

## I. BACKGROUND

On January 17, 2020, plaintiff Ohio National Life Insurance Company ("ONLIC") filed its Complaint for Interpleader (Filing 1) pursuant to 28 U.S.C. § 1335 seeking to interplead the

1

proceeds of Whole Life Policy number 1079765 (the "Policy") issued to insured Roger Anderson with a death benefit of $67,733.49.[1] Filing 1 at 2, 6. The Policy provides in pertinent part:

> The Ohio National Life Insurance Company will pay this policy's benefits subject to its terms. Death proceeds will be paid to the Beneficiary upon receipt by Ohio National at its Home Office of due proof of the Insured's death.

Filing 1-1 at 6.

The Policy further provides in pertinent part with respect to the beneficiary as follows:

> Beneficiaries are classed as either Primary Beneficiaries or Contingent Beneficiaries, which determines their priority of rights to the policy proceeds. Beneficiaries are as stated in the application or in a separate designation. The Owner may designate or change the Beneficiary while the Insured is living. If the Owner is not the Insured, the Owner may designate or change the Beneficiary within 60 days after the Insured's death. Beneficiary designations or changes require proper notice to Ohio National. If no other provision is made, surviving beneficiaries within the same class share equally. The interest of any beneficiary who dies before the Insured will pass to the surviving beneficiaries unless the Owner specifies otherwise. If no beneficiaries survive the Insured, death proceeds are payable to the Owner.

Filing 1-1 at 8.

Roger Anderson designated "Debbie Anderson, Wife" as his primary beneficiary and "Douglas Anderson, Brother" as his contingent beneficiary.[2] Filing 1-1 at 18. In January of 2019, as the result of a routine death audit, ONLIC learned that Roger Anderson died on December 9, 2018, and ONLIC initiated efforts to locate his Policy beneficiary. Filing 1 at 3. Debra "Debbie" Anderson and Roger Anderson divorced one another prior to his death. Filing 1 at 3-4.

Debra Anderson later submitted a claim to ONLIC seeking payment of Policy proceeds on or about March 12, 2019. Filing 1 at 3. However, Neb. Rev. Stat. § 30-2333, effective August 24, 2017, provides in pertinent part as follows:

---

[1] The Court granted ONLIC leave to deposit the death benefit of $67,733.49 into the Court's registry but reserved "any determination of applicable interest and interpleading of such funds until the parties [had] fully litigated the merits of [the] action." Filing 6 at 1. ONLIC then deposited $67,733.49 into the Court's registry. Filing 7.

[2] Debra and Douglas Anderson are the two named defendants in this action. See Filing 1. Both have filed cross-claims against one another claiming entitlement to the Policy proceeds. See Filing 11; Filing 14.

>(d) Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce, or annulment, the divorce or annulment of a marriage:
>
>(1) Revokes any revocable
>
>(A) disposition or appointment of property made by a divorced individual to his or her former spouse in a governing instrument and any disposition or appointment created by law or in a governing instrument to a relative of the divorced individual's former spouse;
>
>. . .
>
>(f) Provisions of a governing instrument are given effect as if the former spouse and relatives of the former spouse disclaimed all provisions revoked by this section or, in the case of a revoked nomination in a fiduciary or representative capacity, as if the former spouse and relatives of the divorced individual's former spouse died immediately before the divorce or annulment.

Neb. Rev. Stat. § 30-2333.

Debra Anderson argues that Neb. Rev. Stat. § 30-2333 does not apply retroactively to divorce that occurred prior to 2017, and therefore she is entitled to the Policy proceeds. Filing 1-6 at 2.

Due to the potential for competing claims for the Policy proceeds and uncertainty regarding the applicability of Neb. Rev. Stat. § 30-2333, ONLIC filed this interpleader action, admitting its contractual liability under the Policy in the amount of $67,733.49, plus applicable interest. *See* Filing 1. ONLIC is a disinterested stakeholder claiming no interest in the Policy proceeds and is indifferent as to which of the defendants is entitled to those amounts. Filing 1 at 6. As noted previously, ONLIC has already deposited the death benefit of $67,733.49 into the Court's registry. Filing 7. The applicable interest on this death benefit, agreed to by all parties and calculated from the date of Roger Anderson's death (December 9, 2018) until the date ONLIC deposited the death benefit amount (January 23, 2020), is $2,286.74. Filing 19 at 6; Filing 21 at 3. ONLIC has incurred

$4,550.84 in attorneys' fees and costs in bringing this interpleader action and requests payment in that amount from the Policy proceeds. Filing 19 at 6; Filing 21 at 3, 6-14. Neither Debra nor Douglas Anderson object to payment of these fees and costs. Filing 19 at 6.

## II. DISCUSSION

"Federal statutory interpleader allows a party holding money or property to join the various parties asserting mutually exclusive claims, thereby avoiding the threat of multiple liability or multiple lawsuits." *Acuity v. Rex, LLC*, 929 F.3d 995, 1000 (8th Cir. 2019) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)). An interpleading plaintiff "must deposit the money or property in the registry of the district court." *Id.* (citing 28 U.S.C. § 1335(a)). All parties agree that a finite amount of interest in the amount of $2,286.74 has accrued on the Policy's principal death benefit of $67,733.49. Therefore, ONLIC must deposit that amount, and the Court grants ONLIC's unopposed motion to deposit $2,286.74 into the Court's registry.

ONLIC also requests reasonable attorneys' fees and costs associated with bringing this action. Filing 19 at 6. "A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." 7 Charles Alan Wright et al., Federal Practice & Procedure ("FPP") § 1719 (3d ed.); *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) ("Since the court had jurisdiction of the [interpleader] suit, there can be no question of its power to make reasonable allowances for attorneys' fees."). Courts generally "award costs and attorney fees in interpleader actions only 'if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability.'" *Progressive Universal Ins. Co. v. L.P.*, No. 4:13CV3032, 2013 WL

1820997, at *1 (D. Neb. Apr. 30, 2013) (quoting *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003)).

Here, ONLIC's motion for fees and costs is unopposed. Neither Debra nor Douglas Anderson dispute that ONLIC is a disinterested stakeholder, and ONLIC has already admitted its liability. Filing 1 at 6. ONLIC has deposited the Policy principal into the Court's registry and seeks to deposit the remaining interest into the Court's registry. *See* Filing 19. Further, ONLIC seeks a discharge of liability. *See* Filing 1; Filing 19. Thus, ONLIC will have met the requirements for an award of costs and fees once the remaining interest is deposited.

Further, no party has filed anything disputing that $4,550.84 is a reasonable, fair, and equitable award for ONLIC's work done and costs incurred related to this action. And, the evidentiary index containing detailed itemizations and descriptions of time spent, tasks completed, and expenditures made supports ONLIC's request. *See* Filing 21 at 3, 6-14. Accordingly, ONLIC's request for fees and costs is conditionally granted upon its payment of $2,286.74 into the Court's registry.

### III. CONCLUSION

For the foregoing reasons, the Court grants ONLIC's Motion for Judgment on Its Interpleader (Filing 19).

IT IS ORDERED:

1. Plaintiff Ohio National Life Insurance Company's Motion for Leave to Deposit Its Contractual Liability (Filing 19) is granted;
2. Plaintiff may deposit a check in the amount of $2,286.74 into the registry of the United States District Court for the District of Nebraska;

3. Upon receipt of the aforementioned amount, the Clerk of Court shall release $2,264.10 of the previously interpleaded funds;

4. The Clerk shall prepare a check for $4,550.84, including the just-deposited $2,286.74 and released $2,264.10, representing Ohio National Life Insurance Company's reasonable attorneys' fees and costs, payable to The Ohio National Life Insurance Company c/o Chittenden, Murday & Novotny, LLC, 303 West Madison Street, Suite 1400, Chicago, IL 60606;

5. Ohio National Life Insurance Company is ordered to complete an Internal Revenue Service Form W-9 and submit the completed form via e-mail to the Clerk of Court;

6. Upon receipt of such Form W-9, the Clerk of Court shall mail the prepared check for said funds to The Ohio National Life Insurance Company c/o Chittenden, Murday & Novotny, LLC, 303 West Madison Street, Suite 1400, Chicago, IL 60606;

7. Ohio National Life Insurance Company and its parents, subsidiaries, and affiliated companies, and their respective officers, directors, employees, agents, attorneys, representatives, shareholders, insurers, predecessors, successors, or assigns, have no further liability to Defendants, Debra L. Anderson and Douglas Anderson, or to either of them, or to any person or entity claiming through them, for the Proceeds of policy no. 1079765 insuring the life of Roger Anderson or arising out of his death;

8. Defendants, Debra L. Anderson and Douglas Anderson, are collaterally estopped from commencing or prosecuting any proceeding or claim against ONLIC or its parents, subsidiaries, and affiliated companies, and any of their respective officers, directors, employees, agents, attorneys, representatives, shareholders, insurers, predecessors,

successors, or assigns, in any state or federal court or other forum arising out of or related to the Policy or the death of Roger Anderson;

9. Ohio National Life Insurance Company has acted in good faith by interpleading its admitted liability under the Policy into the Court's registry;

10. Ohio National Life Insurance Company is excused and dismissed from further attendance in this cause, and

11. The Clerk shall terminate Ohio National Life Insurance Company as a party to this action.

Dated this 27th day of August, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge